Benjamin R. Joelson
Shane M. O'Connell
AKERMAN LLP
666 Fifth Avenue, 20th Floor
New York, New York 10103
benjamin.joelson@akerman.com
shane.oconnell@akerman.com
Tel. (212) 880-3800
Fax (212) 905-6449

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------- x
:
IPS ACQUISITIONS, LLC, DOMA EXPORT :
COMPANY, LLC and DOMA INTERNATIONAL : Case No.
TRAVEL, LLC, :
:
Plaintiffs, : **COMPLAINT**
:
-against- :
:
DOMPAK CORPORATION, DOM POLSKI, :
LLC, DOM POLSKI, INC., DOMA :
CONSOLIDATING INC. d/b/a DOMA SHIPPING :
and EURO DESIGN GROUP INC., DOMA :
SERVICES ANTONI WNEKOWICZ, :
HARIDIMOS KOUKLAKIS, DIMITRIOS :
JIMMY KOUKLAKIS, JADWIGA SMIESZEK, :
ANTONI WNEKOWICZ, and ANDRZEJ :
WNEKOWICZ, :
:
Defendants. :
:
---------------------------------------------------------------- X

      Plaintiffs IPS Acquisitions, LLC ("IPS"), Doma Export Company, LLC ("Doma Export"),

and Doma International Travel, LLC ("Doma International") (collectively "Plaintiffs"), by and

through their attorneys, Akerman LLP, as and for their Complaint against Defendants DomPak

Corporation ("DomPak"), Dom Polski, LLC ("Polski LLC"), Dom Polski, Inc. ("Polski Inc."),

Doma Consolidating Inc. d/b/a Doma Shipping and Euro Design Group Inc. ("Doma Shipping"),

1

Doma Services Antoni Wnekowicz ("Doma Services"), Haridimos Kouklakis ("Haridimos"), Dimitrios "Jimmy" Kouklakis ("Dimitrios"), Jadwiga Smieszek ("Jadwiga"), Antoni Wnekowicz ("Antoni"), and Andrzej Wnekowicz ("Andrzej") (collectively "Defendants"), allege upon knowledge as to themselves and their own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

1. This is an action for trademark infringement, false designation of origin, false advertising, tortious interference with contract, and unfair competition in violation of the laws of the United States and the State of New Jersey. Plaintiff seeks an injunction, damages and related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367. Plaintiffs' claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, and related claims under the statutory and common law of the State of New Jersey.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

4. IPS is a Delaware limited liability company with its principal place of business at 143 Doty Circle, West Springfield, MA 01089. IPS has been injured and will continue to be injured in New Jersey and this judicial district by Defendants' wrongful acts.

5. Doma Export is a Delaware limited liability company with its principal place of business at 1700 W. Blancke St., Linden, New Jersey 07036. Doma Export has been injured and will continue to be injured in New Jersey and this judicial district by Defendants' wrongful acts.

6. Doma International is a Delaware limited liability company with its principal place of business at 1700 W. Blancke St., Linden, New Jersey 07036. Doma International has been injured and will continue to be injured in New Jersey and this judicial district by Defendants' wrongful acts.

7. Doma Export and Doma International are engaged in the sale and provision of international shipping services, including the provision of services relating to shipping container rentals and shipments of personal and commercial parcels from the United States to Poland and 43 other European countries by sea or air. Doma Export and Doma International also provide shipping services for vehicles, including cars, motorcycles, all-terrain vehicles, scooters, jet skis, snowmobiles, and boats.

8. Doma Export, Doma International and/or their agents collectively have over 50 locations around the United States that accept parcels from customers, including locations in North Carolina, Virginia, Ohio, Pennsylvania, New Jersey, New York and Massachusetts.

9. DomPak is a New Jersey corporation with its principal place of business at 201 Hartle St., Suite A, Sayreville, NJ 08872.

10. DomPak is a company engaged in the sale and provision of international shipping services. DomPak has locations in Sayreville and Wallington, New Jersey, among other locations. DomPak ships packages to Doma Services in Poland.

11. DomPak is owned and/or operated by Haridimos, Dimitrios, Jadwiga, Antoni, and Andrzej.

12. Polski LLC is a New Jersey limited liability company with its principal place of business at 111 N. Broadway, South Amboy, New Jersey 08879.

3

13. Polski Inc. is a New Jersey corporation with its principal place of business at 111 N. Broadway, South Amboy, New Jersey 08879.

14. Polski LLC and Polski Inc. offer a variety of services, including international shipping services.

15. Polski LLC and Polski Inc. are owned and/or operated by Jadwiga.

16. Doma Shipping is an Illinois corporation with its principal place of business at 2520 South State Street, Chicago, Illinois 60616.

17. Doma Shipping is a company engaged in the sale and provision of international shipping services. Doma Shipping ships packages to Doma Services in Poland.

18. Doma Shipping is owned and/or operated by Dimitrios.

19. Doma Services is a Polish company with its principal place of business at Sękocin Stary, ul.Graniczna 47, 05-090 Raszyn, Poland.

20. Doma Services offers a variety of shipping services and specializes in the distribution of groupage shipments and the provision of forwarding services in the international trade of goods.

21. Doma Services has an interest in Doma Shipping and approximately 80% of Doma Services' business comes directly from Doma Shipping.

22. Doma Services is owned and/or operated by Antoni, the brother of Ludwik Wnekowicz ("Ludwik").

23. Haridimos is a natural person, and a citizen of the State of Illinois. Haridimos was the central figure and active force behind DomPak's wrongful conduct serving as the basis for this action, and has committed torts and other wrongs, and has caused others to commit torts and other wrongs, in the State of New Jersey. Haridimos consciously, actively, significantly, knowingly, and

4

intentionally authorized, approved, caused, induced, directed, decided, controlled, ratified, and participated in the wrongful conduct serving as the basis for this action. Haridimos is Dimitrios' son.

24. Dimitrios is a natural person, and a citizen of the State of Illinois. Dimitrios was the central figure and active force behind Doma Shipping's and DomPak's wrongful conduct serving as the basis for this action, and has committed torts and other wrongs, and has caused others to commit torts and other wrongs, in the State of New Jersey. Dimitrios consciously, actively, significantly, knowingly, and intentionally authorized, approved, caused, induced, directed, decided, controlled, ratified, and participated in the wrongful conduct serving as the basis for this action.

25. Jadwiga is a natural person, and a citizen of the State of New Jersey. Jadwiga was the central figure and active force behind DomPak's, Polski LLC's and Polski Inc.'s wrongful conduct serving as the basis for this action, and has committed torts and other wrongs, and has caused others to commit torts and other wrongs, in the State of New Jersey. Jadwiga consciously, actively, significantly, knowingly, and intentionally authorized, approved, caused, induced, directed, decided, controlled, ratified, and participated in the wrongful conduct serving as the basis for this action. Jadwiga is Ludwik's niece.

26. Antoni is a natural person, and a resident of Warsaw, Poland. Antoni was the central figure and active force behind Doma Services' and DomPak's wrongful conduct serving as the basis for this action, and has committed torts and other wrongs, and has caused others to commit torts and other wrongs, in the State of New Jersey. Antoni consciously, actively, significantly, knowingly, and intentionally authorized, approved, caused, induced, directed,

decided, controlled, ratified, and participated in the wrongful conduct serving as the basis for this action.  Antoni is Ludwik's brother.

27. Andrzej is a natural person, and a citizen of the State of New Jersey. Andrzej was the central figure and active force behind DomPak's wrongful conduct serving as the basis for this action, and has committed torts and other wrongs, and has caused others to commit torts and other wrongs, in the State of New Jersey.  Andrzej consciously, actively, significantly, knowingly, and intentionally authorized, approved, caused, induced, directed, decided, controlled, ratified, and participated in the wrongful conduct serving as the basis for this action. Andrzej is Ludwik's nephew.

28. Defendants operate and/or market their businesses in New Jersey and in other locations in direct competition with Plaintiffs.

29. Defendants knew and intended that the wrongful conduct alleged herein would cause injury in New Jersey.

30. Defendants targeted the wrongful conduct alleged herein at the State of New Jersey.

## HISTORY OF THE DOMA ENTITIES

31. A predecessor of Doma Export Company Inc. was formed approximately 60 years ago and Doma Export Company Inc. was incorporated on June 9, 1986.

32. From its formation until October 17, 2017, Doma Export Company Inc. promoted, offered for sale, and sold its services under the Doma Trademarks (defined below) and the Doma Export name.

33. On October 13, 2017, Doma Export was incorporated.

34. On October 17, 2017, Doma Export Company Inc. merged with and into Doma Export, with Doma Export surviving.

6

35. From October 17, 2017 to the present, Doma Export has continued to promote, offer for sale, and sell its services under the Doma Trademarks and the Doma Export name.

36. Doma International Travel Inc. was formed on June 16, 1988.

37. From June 16, 1988 until October 17, 2017, Doma International Travel Inc. promoted, offered for sale, and sold its services under the Doma Trademarks and the Doma International name.

38. On October 13, 2017, Doma International was incorporated.

39. On October 17, 2017, Doma International Travel Inc. merged with and into Doma International, with Doma International surviving.

40. From October 17, 2017 to the present, Doma International has continued to promote, offer for sale, and sell its services under the Doma Trademarks and the Doma International name.

41. Pursuant to a Membership Interest Purchase Agreement, dated October 17, 2017 (the "Purchase Agreement"), IPS acquired Doma Export and Doma International from Ludwik, and entities under the control of Ludwik (collectively, "Seller"). A redacted copy of the Purchase Agreement is attached hereto as **Exhibit A.**

42. The Purchase Agreement includes a restrictive covenant restricting Seller – for a period of five years – from, *inter alia*, directly or indirectly being connected in any manner with any business of the type and character engaged in or competitive with the business of Doma Export, Doma Export Company Inc., Doma International Travel Inc. and Doma International (*i.e.*, freight forwarding and package consolidation and shipping operations).

43. The restrictive covenant also requires the Seller to prevent any child, stepchild, grandchild, parent, stepparent, grandparent, spouse, sibling, mother-in-law, father-in-law, son-in-

law, daughter-in-law, brother-in-law or sister-in-law, including adoptive relationships, from operating such a competing business.

44. As alleged above, Defendants in this action are family members or close acquaintances of Ludwik or companies owned, operated, or controlled by family members or close acquaintances of Ludwik.

## THE DOMA TRADEMARKS

45. Doma Export owns the common law trademark DOMA.

46. Doma Export has used the common law trademark DOMA in commerce since at least as early as June 1, 1986.  It currently uses it in over 50 locations in at least seven (7) States and on the internet.

47. Doma Export has an application pending with the United States Patent and Trademark Office ("USPTO") to register the DOMA trademark under Serial Number 88016807.

48. Doma Export owns the registered and common law trademark DOMA EXPORT CO INC. and the stylized DOMA EXPORT CO INC. as shown below, under U.S. Registration No. 4,636,871:



49. Doma Export and Doma Export Company Inc. have used the registered and common law trademark DOMA EXPORT CO. INC. in commerce since at least as early as June 1, 1986.

50. Doma International owns the common law trademark DOMA INTERNATIONAL TRAVEL INC.

51. Doma International and Doma International Travel Inc. have used the common law trademark DOMA INTERNATIONAL TRAVEL INC. in commerce since at least as early as June 16, 1988.

52. The DOMA, DOMA EXPORT CO INC. and DOMA INTERNATIONAL TRAVEL INC. trademarks are collectively referred to herein as the "Doma Trademarks."

53. The Doma Trademarks are valid and subsisting and are in full force and effect.

54. As a result of Doma Export's, Doma Export Company Inc.'s, Doma International Travel Inc.'s and Doma International's exclusive and extensive use and promotion of the Doma Trademarks, the Doma Trademarks are well known to the consuming public and trade as identifying and distinguishing Doma Export and Doma International exclusively and uniquely as the source of the high quality services to which the Doma Trademarks apply. The Doma Trademarks have acquired enormous value, goodwill, and recognition.

## DEFENDANTS' WRONGFUL ACTS

55. Defendants, without the consent of Plaintiffs, have advertised, offered for sale, or sold their services in interstate commerce, using the Doma Trademarks or marks confusingly similar to the Doma Trademarks. Such services offered by Defendants are competitive with, related to, and directed and targeted towards the same group of ultimate consumers as the services to which the Doma Trademarks are applied.

56. Long after Plaintiffs' adoption and use of the Doma Trademarks, Defendants commenced the advertisement, offer for sale, and sale of services bearing the Doma Trademarks or marks confusingly similar to the Doma Trademarks.

57. For example, Polski LLC and/or Polski Inc. have used and continue to use the Doma Trademarks on its website. Attached hereto as **Exhibit B** is an illustrative screen shot from the website.

58. Similarly, Polski LLC and/or Polski Inc. have used and continue to use the Doma name on Bills of Lading. Attached hereto as **Exhibit C** is an illustrative bill of lading.

59. Additionally, DomPak and Doma Shipping use the DOMA trademark and have contacted and solicited customers offering the same services as Doma Export and Doma International using the confusingly similar and infringing email domains @doma.com.pl and @domashipping.com.

60. Finally, Doma Services advertises on its website that it provides shipping services from Linden, New Jersey using the Doma name and intending that U.S. and New Jersey customers and potential customers view its website. Attached hereto as **Exhibit D** is an illustrative screen shot from the Doma Services website.

61. On March 14, 2005, Dimitrios filed an application with the USPTO to register the trademark "DOMA SHIPPING." That application indicated that the DOMA SHIPPING mark was first used in commerce at least as early as March 14, 2005. That trademark application was abandoned on March 31, 2006.

62. The acts of Defendants in advertising, offering for sale, and/or selling their services in interstate commerce, using the Doma Trademarks or marks confusingly similar to the Doma Trademarks: (a) is likely to cause confusion and mistake among the consuming public that all such services originate with Doma Export and Doma International, (b) are likely to cause confusion and mistake among the consuming public that there is some affiliation, connection, or association of Defendants with Doma Export and Doma International, and/or (c) are likely to cause confusion

and mistake among the consuming public that said goods and services are being offered to the consuming public with the sponsorship or approval of Doma Export and Doma International.

63. Defendants advertised, offered for sale, or sold services using the Doma Trademarks or marks confusingly similar to the Doma Trademarks knowing that doing so infringed on the Doma Trademarks or willfully ignored whether advertising, offering for sale, or selling the services using the Doma Trademarks or marks confusingly similar to the Doma Trademarks constituted infringement. Defendants engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation, and/or sponsorship of said services and to gain the benefit of the goodwill associated with the Doma Trademarks.

**FIRST CLAIM FOR RELIEF**
**(TRADEMARK INFRINGEMENT (15 U.S.C. § 1114))**

64. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 63 above as if fully set forth herein.

65. Defendants' use of U.S. Registration No. 4,636,871, and/or marks and/or names confusingly similar thereto, without Plaintiffs' consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception, and mistake among the consuming public and trade as to the source, approval, and/or sponsorship of services being offered by Defendants.

66. Such conduct on the part of Defendants has injured Plaintiffs in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING**
**(15 U.S.C. § 1125(a))**

67. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 66 above as if fully set forth herein.

68. Defendants' use of the Doma Trademarks and/or marks and/or names confusingly similar thereto, without Plaintiffs' consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact and/or false advertising in commercial advertising or promotion, in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception, and mistake among the consuming public and trade as to the source, approval, or sponsorship of the infringing services sold and offered for sale by Defendants.

69. Such conduct on the part of Defendants has injured Plaintiffs in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**(TRADEMARK INFRINGEMENT (N.J. STAT. § 56:3-13.16))**

70. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 70 above as if fully set forth herein.

71. Defendants' use of the Doma Trademarks, and/or marks and/or names confusingly similar thereto, without Plaintiffs' consent, constitutes trademark infringement in violation of N.J. Stat. § 56:3-13.16, in that, among other things, such use is likely to cause confusion, deception, and mistake among the consuming public and trade as to the source, approval, or sponsorship of services being offered by Defendants.

72. Such conduct on the part of Defendants has injured Plaintiffs in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### (UNFAIR COMPETITION (N.J. STAT. § 56:4-1 *et seq.*))

73. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 72 above as if fully set forth herein.

74. The aforementioned acts of Defendants constitute unfair competition in violation of N.J. Stat § 56:4-1 *et seq*.

75. Such conduct on the part of Defendants has injured Plaintiffs in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### (COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

76. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 75 above as if fully set forth herein.

77. The aforementioned acts of Defendants constitute trademark infringement and unfair competition in violation of the common law of the State of New Jersey.

78. Such conduct on the part of Defendants has injured Plaintiffs in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
### (TORTIOUS INTERFERENCE WITH CONTRACT)

79. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 78 above as if fully set forth herein.

80. The Purchase Agreement is a valid and binding contract.

81. The Purchase Agreement contains a restrictive covenant that requires the Seller to prevent any child, stepchild, grandchild, parent, stepparent, grandparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law or sister-in-law, including adoptive relationships, from operating such a competing business.

82. Defendants have knowledge of the Purchase Agreement.

83. Defendants operate businesses that compete with Plaintiffs' business.

84. Defendants' operation of competing businesses has caused the Seller to breach the restrictive covenant in the Purchase Agreement.

85. Defendants' actions were improper and intentional.

86. Defendants' tortious interference has injured Plaintiffs in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment as follows:

1. Permanently enjoining and restraining Defendants, and each of their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors, and assigns, and all those in active concert or participation with any of the foregoing, from:

   a) imitating, copying, or making unauthorized use of any one or more of the Doma Trademarks or name;

   b) selling, offering for sale, advertising, promoting, or displaying any services or advertisements for services, bearing any unauthorized reproduction, copy,

        counterfeit, or colorable imitation of any one or more of the Doma Trademarks or name;

   c) using any unauthorized colorable imitation of any one or more of the Doma Trademarks or name in connection with the promotion, advertisement, display, sale, offering for sale, circulation or distribution of any service or advertisement for service in such manner as to relate or connect or tend to relate or connect, such services in any way with Plaintiffs or to any services sold, sponsored, approved by, or connected with Plaintiffs;

   d) engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of any one or more of the Doma Trademarks or name or Plaintiffs' rights in, or right to use or exploit such trademarks or name;

   e) making any statement or representation whatsoever, with respect to the infringing services in issue, that falsely designates the origin of the services as those of Plaintiffs, or that is false or misleading with respect to Plaintiffs; and

   f) engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized colorable imitations of any one or more of the Doma Trademarks or name, the formation of other corporations, partnerships, associations, or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding, or otherwise violating the prohibitions set forth in subsections 1(a) through (e) above.

      2.    Requiring Defendants to account and pay over to Plaintiffs all profits realized by their wrongful acts and directing that such profits be trebled as a result of Defendants' willful actions.

3. Awarding Plaintiffs their damages caused by Defendants' wrongful acts and directing that such damages be trebled as a result of Defendants' willful actions.

4. Awarding Plaintiffs their costs and reasonable attorneys' and investigatory fees, expenses, costs, together with pre-judgment interest.

5. Retaining jurisdiction over this action by the Court for the purpose of enabling Plaintiffs to apply to the Court for such further orders and interpretations or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

6. Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury of all matters so triable.

Dated: New York, New York
September 12, 2018

**AKERMAN LLP**

*s/ Benjamin R. Joelson*
Benjamin R. Joelson
Shane M. O'Connell
666 Fifth Avenue, 20th Floor
New York, New York 10103
benjamin.joelson@akerman.com
shane.oconnell@akerman.com
Tel. (212) 880-3800
Fax (212) 905-6449

Of Counsel: Ira S. Sacks